UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET and RON WILCOX,<br><br>Plaintiffs,<br><br>v.<br><br>C.R. BARD, INC., and BARD PERIPHERAL VASCULAR INC.,<br><br>Defendants. | Case No.: 3:20-cv-00599-BEN-WVG<br><br>**ORDER GRANTING JOINT MOTION TO STAY PROCEEDINGS IN PART**<br><br>**[ECF No. 13]** |

## I. INTRODUCTION

Plaintiffs Janet and Ron Wilcox (collectively, "Plaintiffs") bring this action against Defendants C.R. Bard, Inc., and Bard Peripheral Vascular, Inc. (collectively, "Defendants") related to Defendants' G2 Vena Cava Filter. ECF No. 1.

Before the Court is the Parties' Joint Motion to Stay Proceedings (the Joint "Motion"). ECF No. 21. After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS** the Joint Motion in part.

## II. BACKGROUND

This case was originally filed directly into the Multi-District Litigation ("MDL") proceeding *In re Bard IVC Filters Products Liability Litigation*, MDL 2641 (D. Ariz.) (hereinafter, the "MDL"), pending before Senior Judge David Campbell in the United States District Court for the District of Arizona on May 30, 2019. ECF No. 21 at 2, ¶ 1. The MDL involves personal injury cases brought against Defendants. ECF No. 3 at 1.

-1-

Defendants manufacture and market medical devices, including inferior vena cava ("IVC") filters. *Id.* The MDL Plaintiffs have received implants of Bard IVC filters and claim they are defective and have caused Plaintiffs to suffer serious injury or death. The primary purpose of the MDL was to coordinate pretrial discovery and resolve issues common to all MDL Plaintiffs. ECF No. 5 at 3. After four years, the completion of general issue discovery, and conducting three bellwether trials, Judge Campbell determined the primary purpose of the MDL had been fulfilled. *Id.* As a result, he ordered cases that have not settled to be transferred to appropriate district courts pursuant to 28 U.S.C. §1404(a) for case-specific discovery and trial. *Id.* Pursuant to the MDL court order, this case was subsequently transferred to this Court on March 30, 2020. ECF No. 5-6.

The master complaint gives notice, pursuant to Rule 8 of Federal Rules of Civil Procedure, of the allegations that Plaintiffs assert generally. The master complaint contains seventeen state law claims: manufacturing defect (Counts I and V); failure to warn (Counts II and VII); design defect (Counts III and IV); failure to recall (Count VI); misrepresentation (Counts VIII and XII); negligence per se (Count IX); breach of warranty (Counts X and XI); concealment (Count XIII); consumer fraud and deceptive trade practices (Count XIV); loss of consortium (Count XV); and wrongful death and survival (Counts XVI and XVII). ECF No. 3 at 5. Plaintiffs seek both compensatory and punitive damages. ECF No. 3 at 5:14-21. Plaintiff-specific allegations are contained in individual short-form complaints or certain complaints served on Defendants before the filing of the master complaint. *Id.* at 5:22-23.

On January 7, 2019, Plaintiffs filed a complaint with the United States District Court for the District of Arizona, pleading Counts I through XII, XIV, and XV. ECF No. 1 at 3:4-24. Plaintiffs allege that on July 16, 2009, Mrs. Wilcox was implanted with the G2 Vena Cava Filter. ECF No. 1 at 3. On March 26, 2020, this case was transferred to the United States District Court for the Southern District of California. ECF No. 6.

On Ocotber 30, 2020, Plaintiffs filed a Joint Motion to Stay Proceedings pursuant

to Rules 26(c) and (d) of the Federal Rules of Civil Procedure and the Court's inherent powers, asking the Court to enter an Order temporarily staying proceedings, including discovery and all pretrial deadlines while the Parties continue to engage in settlement discussions to potentially resolve this case.  ECF No. 21.

## III.  LEGAL STANDARD

A court's decision to grant a stay is discretionary, "dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 432 (2009).  The movant bears the burden of showing the circumstances justifying a stay.  *Id.* at 433-34; *see Clinton v. Jones*, 520 U.S. 681, 708 (1997).  A court may stay proceedings incidental to its power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  In determining whether a stay is appropriate, a federal court considers the (1) "possibility damage may result from the granting of a stay," (2) "hardship or inequity which a party may suffer in being required to go forward," and (3) "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)).

## IV.  DISCUSSION

The Parties seek a Court Order approving the Parties' Joint Motion to Stay Proceedings, including discovery and all pretrial deadlines imposed by the Local Rules and the Federal Rules of Civil Procedure, for ninety days to allow the Parties to continue settlement discussions.  The parties indicate that they "have been actively negotiating a potential settlement of this and the inventory of all cases filed by Plaintiff's counsel in similar matters."  ECF No. 21 at 2:14-16.  They contend "that a stay is necessary to conserve their resources and attention so that they may resolve this case and the claims of other plaintiffs represented by Plaintiff's counsel." *Id.* at 2:16-18.  The parties state that "[t]his will prevent the Parties from undertaking unnecessary expenditures and will

preserve judicial resources." ECF No. 21 at 3:22-23.

Given the length of the stay is only ninety (90) days, the purpose of the stay is to facilitate settlement, and neither party opposes the stay, the Court grants the stay after concluding that (1) little to no damage will result from the stay, (2) no parties will suffer inequity as a result of the stay, and (3) the orderly course of justice measured in terms of simplyiging issues warrants granting the stay.

## V.   CONCLUSION

The Parties' Joint Motion to Stay, ECF No. 21, is **GRANTED in part** and the case is stayed until February 2, 2021. The Court will hold an in-person status conference on February 8, 2021 at 10:30 a.m. unless the parties file either (1) Stipulation or Notice of Dismissal pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure or (2) Joint Motion to Dismiss pursuant Rule 41(a)(2) of the Federal Rules of Civil Procedure before February 2, 2021.

**IT IS SO ORDERED.**

DATED:   November 30, 2020

_____
**HON. ROGER T. BENITEZ**
United States District Judge

-4-

3:20-cv-00599-BEN-WVG